IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Marie Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50490 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Martin J. O'Malley, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marie Williams, seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [19], [25]. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

On March 13, 2018, Marie Williams ("Plaintiff") filed for child's insurance benefits based on disability and for supplemental security income. R. 10. Both applications alleged a disability beginning on January 1, 2007. *Id*. The Social Security Administration ("Commissioner") denied her applications on June 28, 2018, and upon reconsideration on March 22, 2019. *Id*. Plaintiff filed a written request for a hearing on April 5, 2019. *Id*. On February 7, 2020, a video hearing was held by Administrative Law Judge ("ALJ") Lovert Bassett where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id*. Richard T. Fisher, an impartial vocational expert ("VE"), and Dr. Joseph M. Malancharuvil, an impartial medical expert, also appeared and testified. *Id*.

At the hearing, the ALJ granted Plaintiff's request to amend her alleged onset date to January 1, 2016. R. 10. On March 4, 2020, the ALJ issued his written opinion denying Plaintiff's claims for child's insurance benefits and supplemental security income. R. 10-26. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are Plaintiff's motion for summary judgment [19], the Commissioner's

---

[1] Martin J. O'Malley has been substituted for Andrew M. Saul. Fed. R. Civ. P. 25(d).

1

cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [25], and Plaintiff's reply brief [26].

### B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of January 1, 2016. R. 13. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder; borderline personality disorder; post traumatic stress disorder ("PTSD"); attention deficit hyperactivity disorder; history of heroin addiction and alcoholism; fibromyalgia; history of right shoulder rotator cuff tear; and obesity. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following limitations: she should not be required to participate in any collaborative joint projects with coworkers or supervisors or engage the public; she cannot tolerate a fast-paced job with mandatory, numerically strict hourly production quotas but would be able to satisfy end-of-day employer expectations; and she can never be exposed to dangerous moving machinery, fast moving objects, or unprotected heights. R. 16-24. At step four, the ALJ found that Plaintiff does not have past relevant work. R. 24. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 24-25. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from January 1, 2016, through the date of decision, March 4, 2020. R. 25.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or

deciding questions of credibility. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citations and quotations omitted). *See also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff's disability applications included claims relating to mental health impairments. The Commissioner found that these impairments caused some work-related limitations but did not meet a listing and therefore were not presumptively disabling or preclude all work. Plaintiff argues that the ALJ's analysis was perfunctory. Specifically, Plaintiff contends that the ALJ erred at step three by failing to provide a logical bridge between the evidence and his conclusion that Plaintiff's mental impairments did not meet or medically equal the severity of an impairment listed under 20 C.F.R. § 404, Subpart P, Appendix 1. Plaintiff also contends that the ALJ mischaracterized the record. The Court finds that the ALJ properly analyzed the evidence and affirms the decision.

At step three, an ALJ determines whether a claimant's impairments are "presumptively disabling," meaning they are "so severe that they prevent a person from doing any gainful activity and make further inquiry into whether the person can work unnecessary." *Jeske*, 955 F.3d at 588. An impairment is presumptively disabling if it is listed in 20 C.F.R. § 404, Subpart P, Appendix 1 or if it is medically equivalent to a listing in that appendix. 20 C.F.R. § 404.1525(a). For an impairment to meet or medically equal a mental disorder listing, a claimant must establish that the impairment satisfies the "paragraph A" criteria, which are specific to each listing, as well as either the "paragraph B" criteria or, if applicable, the "paragraph C" criteria. 20 C.F.R. § 404, Subpart P, App. 1, § 12.00.

The ALJ did not discuss whether Plaintiff's mental impairments satisfied the paragraph A criteria of any listing in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 14-15. The Court presumes that the ALJ concluded that Plaintiff's mental impairments satisfied the paragraph A criteria for listing 12.04 (bipolar and related disorders), listing 12.08 (personality and impulse-control disorders), and listing 12.15 (trauma- and stressor-related disorders) because at step two he found that Plaintiff had severe medically determinable impairments of bipolar disorder, borderline personality disorder, and PTSD. R. 13. Even if the ALJ erred by failing to discuss the paragraph A criteria, that error was harmless because the ALJ went on to do the analysis as to whether Plaintiff's mental limitations satisfied the criteria of either paragraph B or paragraph C. Ultimately, the ALJ concluded that Plaintiff's limitations did not. While Plaintiff concedes that satisfying the criteria of either paragraph B or paragraph C is a prerequisite for an impairment to meet or medically equal a listing, 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.00A2, she claims that by failing to discuss the paragraph A criteria, the ALJ overlooked significant evidence. This argument is unavailing because the ALJ did not overlook or ignore any pertinent evidence of Plaintiff's impairments. R. 14-24.

The ALJ found that Plaintiff's mental impairments did not satisfy the paragraph B criteria because Plaintiff did not have extreme or marked limitations in any of the four broad areas of

3

mental functioning listed in paragraph B. Instead, the ALJ concluded that Plaintiff had moderate limitations in three areas and a mild limitation in one area. R. 14-15. Plaintiff argues that the ALJ failed to build a logical bridge between the evidence and these findings because he did not evaluate how long Plaintiff attended college and he overlooked evidence of Plaintiff's symptoms, including her difficulty completing tasks and occasional inability to leave her house. However, the ALJ did discuss these symptoms as well as the medical reports and testimony that Plaintiff cites to as evidence of these symptoms. R. 14-24 (citing exhibits 7F, 13F, and testimony of Plaintiff and Plaintiff's mother). He also asked Plaintiff at the hearing about her college experience and noted in the decision that, although Plaintiff had difficulty with math, she had passed several college classes. R. 14. Ultimately, after considering all the evidence, the ALJ determined that Plaintiff's impairments did not satisfy the requirements of paragraph B. While Plaintiff may disagree with how the ALJ weighed the evidence or the conclusions the ALJ drew from the evidence, this Court "does not reweigh the evidence or substitute [its] own judgment for that of the ALJ." *See Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

The ALJ's order only briefly considered whether Plaintiff's mental impairments satisfied the paragraph C criteria. R. 16. He stated that "the evidence fails to establish the presence of the 'paragraph C' criteria" because Plaintiff failed to provide a medically documented history of a disorder of at least 2 years duration as well as evidence of both (1) medical treatment that is ongoing and diminishes the signs of the mental disorder and (2) minimal capacity to adapt to changes in environment or to demands that are not already a part of daily life. *Id*. The ALJ's discussion of paragraph C was brief, but the ALJ's later discussion of relevant evidence was sufficient to support his step three finding.[2] *See Jeske*, 955 F.3d at 588 ("[W]hen an ALJ explains how the evidence reveals a claimant's functional capacity, that discussion may doubly explain how the evidence shows the claimant's impairment is not presumptively disabling under the pertinent listing."). Moreover, unlike the cases Plaintiff cites, the ALJ in this case did not fail to consider evidence contrary to this conclusion. *See Ribaudo v. Barnhart*, 458 F.3d 580 (7th Cir. 2006) (ALJ failed to discuss evidence of claimant's sensory loss, nerve compression, and sciatica); *see also Rice v. Berryhill*, No. 16-340, 2018 WL 2112235 (N.D. Ind. May 8, 2018).[3]

---

[2] The ALJ noted in his determination of Plaintiff's RFC that Plaintiff had traveled to Europe, a trip that was "inconsistent with the suggestion of more significant limitations," in part because the travel away from her home environment "had been very helpful for her in assessing her group of friends at home and whether they were good for her." R. 20, 1029. He also noted that the record reflected Plaintiff's "ability to manage [the] stressors" inherent in romantic relationships. R. 22.

[3] The *Rice* court concluded that "evidence of record pertinent to the marginal adjustment criterion of 'paragraph C' merits more than a perfunctory discussion" and that the ALJ's brief discussion of the paragraph C criteria was "problematic" because the record was "replete with concerns about [the claimant's] reliance on her support system." 2018 WL 2112235, at *9. This case is distinguishable. The ALJ in this case did discuss Plaintiff's reliance on her support system in his decision, particularly the fact that Plaintiff's mother helped Plaintiff by bringing her food and medicine and driving her to places. R. 17. Unlike the 44-year-old claimant in *Rice*, Plaintiff was in her twenties from the alleged onset date until the date of decision and the record shows that not only could Plaintiff complete household tasks, she could also pass college classes, travel to Europe, and take care of pets. R. 50, 318, 320. Furthermore, the *Rice* ALJ could not rely on medical experts' opinions that the claimant's impairments did not satisfy the paragraph C criteria because the opinions issued before the claimant satisfied the paragraph C requirement that she have at least two years of treatment. 2018 WL 2112235, at *10. In this case, the ALJ could rely on the opinion of a medical expert that Plaintiff's impairments did not satisfy the paragraph C criteria because the opinion was current. R. 73. *See* 2018 WL 2112235, at *10. ("[A]s a general matter . . . [t]he ALJ may properly rely upon the opinion of . . . medical experts when determining whether a claimant meets or equals a listing." (citation and quotation marks omitted)).

Even if the ALJ did err by only briefly discussing paragraph C, any error was harmless. *See Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (The Court "will not remand a case to the ALJ for further specification where [the Court] is convinced that the ALJ will reach the same result."). Plaintiff testified to seeing medical providers regularly since January 1, 2016, R. 56-57, and presented evidence that this treatment somewhat diminished the signs and symptoms of her mental disorders. R. 15, 2459, 2479, 2511. However, she did not establish that she had a minimal capacity to adapt to changes in environment or demands not already a part of her daily life. On the contrary, the medical records show that Plaintiff was able to travel to Europe for a month and that "her mood was pretty good the whole time she was in another country." R. 2611-2612. She also was able to maintain a romantic relationship with her boyfriend when he moved across the country. R. 2511, 2537-2538, 2542.

The Court finds that the ALJ examined all relevant evidence, including Plaintiff's medical records, testimony from the hearing, and expert opinions, and that the ALJ provided a logical bridge from the evidence to his conclusions. Despite Plaintiff's claims that the ALJ mischaracterized the evidence, she does not cite to anything the ALJ misstated. Instead, she argues that the ALJ mischaracterized the record by failing to note certain abnormal exam findings or the fact that medical providers occasionally described Plaintiff as tearful or overwhelmed. However, "[a]n ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). In this case, the ALJ provided a sufficient explanation for his conclusions, and the record as a whole supports a finding of non-disability.

## CONCLUSION

The decision below is affirmed. Final judgment will be entered accordingly.

Date: September 5, 2024               ENTER:

*Margaret J. Schneider*
United States Magistrate Judge